UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.                                                    No. 02-4171

ORRIE COKER,
       *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-00-997)

Submitted: July 19, 2002

Decided: August 2, 2002

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

J. Robert Haley, Assistant Federal Public Defender, Charleston, South
Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attor-
ney, Rhett DeHart, Assistant United States Attorney, Charleston,
South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Orrie Coker was convicted of one count of carjacking, 18 U.S.C.A. § 2119(2) (West 2000), and one count of use of a firearm in the commission of a crime of violence, 18 U.S.C.A. § 924(c)(1)(A) (West 2000). He received an aggregate sentence of 229 months in prison. We find that the district court did not err in denying Coker's motions to suppress certain evidence and that Coker was correctly assigned one criminal history point for a 1998 conviction. We therefore affirm the convictions and sentence.

I

On November 2, 2000, Coker and his accomplice, Herbie Ford, carjacked a van driven by Billy Hudson. Chris Strickland, who did not feel well, was lying in the back of the van when Coker and Ford, who were brandishing firearms, took the van. At one point, a gun was pointed at Strickland's head. Ford and Coker stopped the van and told Strickland to unhitch a trailer that the van was towing. When Strickland, who did not have a key, was unable to unhitch the trailer, both Coker and Ford shot him. Ford and Coker then drove off.

Ford and Coker were apprehended shortly after the crime. Coker confessed on December 1, 2000, to FBI Special Agent David Calore. The interview was witnessed by Detective Jeff Crosby of the Jasper County, South Carolina, Sheriff's Department. Coker's confession was admitted at trial.

On November 11, 2000, Detective Sergeant Tim Morris of the Jasper County Sheriff's Department showed Strickland photographs of six black men, including Coker. Within seconds of seeing the six photographs, Strickland identified Coker's photograph as that of one of his assailants. This identification was introduced at trial.

Coker was convicted and sentenced to 145 months for carjacking and 84 months for the firearms offense. The sentences run consecutively. Coker timely appeals.

II

Coker complains that the district court improperly denied his motion to suppress his confession to Special Agent Calore and his motion to suppress the out-of-court identification by Strickland. We review de novo the ultimate ruling on a suppression motion and review factual findings underlying that ruling for clear error. *United States v. Simons*, 206 F.3d 392, 398 (4th Cir. 2000), *cert. denied*, 70 U.S.L.W. 3243 (U.S. Oct. 1, 2001) (No. 01-5596).

Coker argues on appeal, as he did at the suppression hearing, that his confession was obtained without his being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). The district court made a credibility determination in favor of Special Agent Calore and Detective Crosby, both of whom testified that Calore administered *Miranda* warnings at the beginning of the interview. The court noted that Calore testified at the suppression hearing that he had never, in twenty-three years as an FBI agent, failed to advise a suspect of his *Miranda* rights. We conclude that the district court's finding that Coker received the required *Miranda* warnings was not clearly erroneous and that the court properly denied the motion to suppress Coker's confession.

Coker also contends that the photographic array shown to Strickland was improper. We agree with the district court's finding that the identification procedure was not unduly suggestive. Not only did the array consist of six photographs of black men who resembled one another, but Sergeant Morris conducted the array near the scene of the crime, away from the stresses of a law enforcement office that might pressure a victim to make an incorrect identification. Further, even if the array was unduly suggestive, we conclude that, under the totality of the circumstances, the identification was reliable. *See Neil v. Biggers*, 409 U.S. 188, 199-200 (1972). In this regard, we note the district court's findings that Strickland had ample opportunity to view the perpetrators, that he was very alert because the perpetrators pointed guns at him, that Strickland immediately picked out Coker's photograph as the photograph of one of his assailants, and that a relatively short time elapsed between the crime and the photographic array. *See Holdren v. Legursky*, 16 F.3d 57, 61 (4th Cir. 1994).

## III

Coker moves to file a pro se brief raising one sentencing issue. We grant the motion, but find that the issue is without merit. Coker properly was assigned one criminal history point for his 1998 conviction for criminal domestic violence. We note particularly that this offense —or one similar to it—is not listed among the misdemeanors and petty offenses that are not to be counted when calculating criminal history. *See U.S. Sentencing Guidelines Manual* §§ 4A1.1, 4A1.2(c)(1) (2000).

## IV

We therefore affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*